JUSTICE TRIEWEILER
concurring in part and dissenting in part:
I concur in part, and dissent in part, from the opinion of the majority.
I concur with that part of the majority’s opinion which holds that the Board of Dentistry did not have immunity from suit under the circumstances in this case. I also concur with that part of the majority’s opinion which affirmed the District Court’s award of summary judgment on the issue of injunctive relief.
However, I dissent from the majority’s failure to award attorney fees to Kandarian pursuant to Rule 11, M.R.Civ.P. That rule was designed to discourage the filing of claims which have no merit and to compensate people like Kandarian who have to expend substantial sums to defend against nonmeritorious claims. The key to invocation of the rule is whether an adequate investigation has been done by the complaining party before putting his opponent to the expense of litigation. The rule provides:
“The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other papers; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, *450 or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
“If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney’s fee.” (Emphasis added.)
In this case, the Board of Dentistry made no reasonable inquiry prior to filing its claim for injunctive relief and naming Kandarian as a defendant. A member of the Association had sent it a copy of an ad, indicating that Brent Kandarian, a denturist, was available for “TMJ evaluations.”
However, none of Kandarian’s patients were interviewed; no investigation was done; and no experts were consulted prior to the filing of suit.
After suit was filed, the Board finally retained James L. Stobie, D.D.S. He was identified in court documents as the Board’s expert for the purpose of establishing that it was a violation of the Dental Practice Act for a denturist to perform TMJ evaluations. When he was deposed, however, his testimony was to the contrary.
Dr. Stobie testified that he was the only prosthodontist in Montana. A prosthodontist has three years of specialized training after dental school. That training is related to the treatment of patients who have prosthetic devices. He testified that in the course of fitting a patient for dentures it is not only permissible, but mandatory for a denturist to perform a TMJ evaluation and that, in fact, Kandarian would have been negligent if he had failed to do so.
Subsequent to Dr. Stobie’s testimony, the defendant moved for summary judgment. At the time of that hearing, the Board’s attorney offered to provide the testimony of two witnesses who would say that Kandarian had worked on their teeth, even though it was not for the purpose of fitting dentures. The Board was given ten days to provide such information, but failed to do so. In fact, one of the witnesses was subsequently offered as a witness by Kandarian and testified contrary to the representations of the Board’s attorney.
After all of these court proceedings, and expense to the defendant, *451 summary judgment was entered for the defendant dismissing the Board’s complaint for injunctive relief.
Under these circumstances no “reasonable inquiry” was conducted prior to the commencement of this lawsuit, and the defendant is entitled to an award of reasonable attorney fees and costs to compensate him for having to unnecessarily participate in and defend against this action.